# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 13-cv-03344-REB-MEH

DAVID L. HILDEBRAND,

    Plaintiff,

v.

CITY OF BOULDER,

    Defendant.

---

Civil Action No. 14-cv-00425-REB-MEH

DAVID L. HILDEBRAND,

    Plaintiff,

v.

MONROE TRUCK EQUIPMENT,

    Defendant.

---

## ORDER GRANTING MOTION TO CONSOLIDATE

**Blackburn, J.**

    This matter is before me on the **Unopposed Motion To Consolidate Cases** [#18][1] filed April 17, 2014, in Civil Action No. 13-cv-03344. Inadvertently, this motion was referred [#19] to the magistrate judge. After consultation with the magistrate judge, I withdraw the reference [#19] and I grant the motion.

---

[1] "[#18]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

The determination whether to consolidate cases is governed by Rule 42(a) of the Federal Rules of Civil Procedure, which provides, pertinently:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

**FED. R. CIV. P.** 42(a).[2]  This rule allows the court "to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties."  ***Breaux v. American Family Mutual Insurance Co.***, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. WRIGHT & A. MILLER, **FEDERAL PRACTICE AND PROCEDURE** § 2381 at 427 (2nd ed. 1995)).  The decision whether to consolidate cases is committed to my sound discretion.  ***Shump v. Balka***, 574 F.2d 1341, 1344 (10th Cir. 1978).

The cases addressed in the motion to consolidate, and shown in the caption of this order, both arise from the claim of the plaintiff, David Hildebrand, that he owns United States Patent #5,651,527 (the '527 patent), titled "Support Structure for Use with Heavy Equipment." In his complaints in the two above-captioned cases, Mr. Hildebrand alleges that the named defendants are infringing his patent.  Common questions of law and fact predominate in these two cases such that consolidation is appropriate and efficacious.

**THEREFORE, IT IS ORDERED** as follows:

1. That after consultation with the magistrate judge, the reference [#19] to the

---

[2] As the district judge to whom the oldest numbered case involved in the proposed consolidation is assigned for trial, the question whether to consolidate these matters falls to me for determination.  ***See* D.C.COLO.LCivR** 42.1.

magistrate judge of the **Unopposed Motion To Consolidate Cases** [#18] filed April 17, 2014, in Civil Action No.13-cv-03344 is **WITHDRAWN**;

    2.  That the **Unopposed Motion To Consolidate Cases** [#18] filed April 17, 2014, in Civil Action No.13-cv-03344, is **GRANTED**;

    3.  That under Fed. R. Civ. P. 42(a)(2) and D.C.COLO.LCivR 42.1, ***David L. Hildebrand v. Monroe Truck Equipment***, Civil Action No. 14-cv-00425-REB-MEH is **CONSOLIDATED** with ***David L. Hildebrand v. City of Boulder***, Civil Action No. 13-cv-03344-REB-MEH for all purposes; and

    4.  That all future filings in these consolidated actions shall be captioned as follows:

---

Civil Action No. 13-cv-03344-REB-MEH
(consolidated with Civil Action No. 14-cv-00425_REB-MEH)

DAVID L. HILDEBRAND,

    Plaintiff,

v.

CITY OF BOULDER,

    Defendant.

---

    Dated April 22, 2014, at Denver, Colorado.

                                      **BY THE COURT:**

                                      Robert E. Blackburn
                                      United States District Judge