IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03344-REB-MEH
(Consolidated with 14-cv-00425-REB-MEH)

DAVID L. HILDEBRAND,

    Plaintiff/Counter Defendant,

v.

CITY OF BOULDER,

    Defendant,

MONROE TRUCK EQUIPMENT,

    Defendant/Counter Claimant.

## STIPULATED PROTECTIVE ORDER

Pursuant to the agreement and motion by the above-captioned parties appearing herein and pursuant to Rule 26 of the Federal Rules of Civil Procedure, the Court enters this Stipulated Protective Order ("Protective Order") to facilitate information and document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that the following Protective Order under Rule 26 of the Federal Rules of Civil Procedure and the Local Rules of this Court will remain in effect through the conclusion of the above-captioned action (the "Litigation") and shall govern the handling of all documents and information in this case, including discovery material such as documents, depositions, deposition exhibits, interrogatory responses,

admissions, and any other information produced, given, or exchanged by and among the parties and any non-parties to the Litigation.

## DEFINITIONS

1. For Purposes of this Protective Order:

    a. "Producing Party" shall mean:

        i. any party to the Litigation who produces or discloses information or materials in the Litigation; or

        ii. any non-party who produces or discloses confidential or proprietary information in the Litigation.

    b. "Receiving Party" shall mean any person to whom information or materials are produced or disclosed in the Litigation.

    c. "Outside Counsel" shall mean outside law firms of record that have been retained by a party to act on behalf of that party in this action and provide advice in connection with this action, including attorneys, and persons working on behalf of attorneys such as patents agents, law clerks, paralegals, assistants, and stenographic, clerical, and support employees of the respective law firms. If a party has not retained an outside law firm, but is instead represented in this litigation only by in-house counsel (e.g., Defendant City of Boulder is represented by the City Attorneys' Office), this term shall apply to counsel of record and persons working on behalf of those attorneys. If a party is a natural person, not represented by counsel, this term shall apply to the party.

    d. "Designated Material" shall mean Material that is designated "HIGHLY CONFIDENTIAL" under this Order.

e. "Highly Confidential Information" shall mean sensitive technical, financial, trade secret, competitive, or personnel information, which is not generally known by third parties not under obligations of confidentiality, and that the Producing Party would not normally reveal to third parties without an agreement or expectation that the information would be maintained in confidence, whether by agreements, policies, or procedures. "Highly Confidential Information" includes, but is not limited to:

    i. information concerning research and development of new products or inventions;

    ii. strategic business or marketing plans;

    iii. non-public financial information, such as that which relates to expenses, costs, profits, customer pricing or sales;

    iv. documents that would reveal trade secrets

    v. information concerning websites, systems, and products in development but not yet commercially or publicly available;

    vi. information concerning licenses to patents or technology;

    vii. information obtained by customers, vendors, licensors, and licensees under protection of a confidentiality or non-disclosure agreement.

"Highly Confidential Information" shall include any information and tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c), including any information (regardless of how generated, stored, or maintained) or tangible things that the Producing Party would not normally reveal to third parties except

in confidence and constitutes or embodies confidential research, development, commercial, or other information.

   f. "Protected Litigation Material" shall mean "Highly Confidential Information" which a party has designated under paragraphs 2 through 4 below. Protected Litigation Material does not include information that: (a) is or has become publicly available without the Receiving Party's breach of any obligation owed to the disclosing party or non-party; (b) is or has become known to the Receiving Party from a source other than the disclosing party (other than by breach of an obligation of confidentiality owed to the disclosing party); or (c) has been independently developed by the Receiving Party.

## **DESIGNATION AND MARKING OF PROTECTED LITIGATION MATERIAL**

 2. A Producing Party shall designate, in whole or in part, any document, thing, or information (collectively, "Protected Litigation Material") which contains Highly Confidential Information by marking on it the words "HIGHLY CONFIDENTIAL" as appropriate. If it is not practical to mark the material itself, a container or an attached tag shall be so marked.

 3. A Producing Party shall designate Protected Litigation Material, where practical by marking each page of a document as "HIGHLY CONFIDENTIAL" as appropriate.

 4. Any Producing Party (or its counsel) may designate a deposition or other testimony as Highly Confidential: (a) at the deposition, or (b) within ten (10) business days after receipt of a transcript. To designate the testimony after-the-fact, the

designating party must send to each other party a written list of the specific portions of the transcript being designated.  Until the period of ten (10) business days has passed since receipt of a given transcript, each transcript shall be treated as though the entire transcript was designated HIGHLY CONFIDENTIAL.  If any portion of a deposition is designated as Highly Confidential during the deposition, only those persons allowed access to such information pursuant to this Protective Order may be present.  If a party chooses to designate any portion of a transcript more than ten (10) business days after receiving the transcript, the party may do so.  However, there will be no penalty to any other party who disclosed information from the transcript, provided the disclosure was after the ten (10) business day period.

### ACCESS TO AND USE OF PROTECTED LITIGATION MATERIAL

5.  All material given or exchanged by and among the Producing Parties in connection with this action shall be ***used solely for purposes of the preparation and trial of the Litigation*** and any related appellate proceedings.  Materials or information designated under this Protective Order ***shall not*** be used for any other purpose, including, without limitation, any commercial or business purpose, or any other litigation or administrative proceeding, absent the prior written consent of the Producing Party or leave of the Court.

6.  Access to HIGHLY CONFIDENTIAL material and any information obtained from such material shall be restricted, subject to the limitations herein, to:

   a.  Outside Counsel;

      b.   employees of the Receiving Party to whom disclosure is reasonably necessary for the management, supervision, or oversight of this litigation;

      c.   Experts or technical advisors retained to testify at trial or consultants retained or engaged by a party in preparation for trial (collectively, "Consultants"), including Consultant's staff and supporting and clerical personnel required to carry out functions assigned to them by such Consultant for the sole purpose of assisting counsel in the preparation of this case for trial.  The Consultant must sign the "Undertaking to Abide by Protective Order" attached hereto as **Exhibit A**. The party retaining the Consultant shall provide notice to any Producing Party of the intended disclosure, by serving on counsel of record a copy of the executed "Undertaking to Abide by Protective Order" prior to such disclosure, along with a written statement including the following information about each person identified as a Consultant in the written notice:

      i.   business address;

      ii.   business title;

      iii.   business or profession;

      iv.   any previous or current relationship (personal or professional) with any of the parties or their affiliates, including any parents or subsidiaries; and

      v.   for the preceding five (5) years, a listing of other cases in which the individual has testified (at trial or deposition), all companies for which the individual has provided consulting services, either directly or through a consulting firm, and all companies by which the

individual has been employed, within the last five years. Such a listing, as appropriate, may itself be designated as HIGHLY CONFIDENTIAL information pursuant to this Order.

   d.   Employees of a Producing Party, but only at depositions of those employees;

   e.   persons who appear on the face of Designated Material as an author, addressee or recipient thereof;

   f.   The United States District Court for the District of Colorado and any appellate court with jurisdiction over any appeal from the Litigation (collectively, the "Court"), and Court personnel assisting the Court in its adjudicative functions;

   g.   Stenographic reporters or videographers engaged by a party for purposes of the Litigation, provided however that they have access to material so designated only to the extent necessary to perform their duties;

   h.   Outside vendors, such as for photocopying, translation, and document management and review, engaged by a party for the purposes of the Litigation, provided however that such employees have access to material so designated only to the extent necessary to perform their duties; and

   i.   Any person whom the Producing Party agrees in writing or on the record at a deposition may be shown the material.

7.   No Protected Litigation Material shall be disclosed to any Consultant until after the expiration of (10) business days, commencing with the service by facsimile or electronic mail upon counsel of record, or if a party is a natural person not represented

by counsel, the party, of the notice described in paragraph 7.c. If any Producing Party objects to the disclosure of Protected Litigation Material to that person within the ten (10) business day period, no such disclosure of Protected Litigation Material shall be made to that person without prior approval of the Court or the objecting party. Any objection shall be in writing and state with particularity the basis for the objection. Although the objecting Party shall have the ultimate burden of showing why that person should not have access to Protected Litigation Material, the Party seeking to disclose such information shall have the initial burden of moving the Court for permission to disclose information to such person. Pending resolution of any such motion, no disclosure of Protected Litigation Material shall be made to that person.

8.      Notwithstanding any designation of Protected Litigation Material, nothing in this Order shall prevent any Producing Party from using or disclosing its own Protected Litigation Material as it deems appropriate.

**FILING AND HANDLING OF PROTECTED LITIGATION MATERIAL**

9.      Counsel and all other persons to whom Protected Litigation Material is disclosed pursuant to this Protective Order are responsible for employing reasonable measures to control access to and distribution of documents designated "HIGHLY CONFIDENTIAL" and shall take reasonable and appropriate precautions to avoid inadvertent disclosure of the Protected Litigation Material. Each recipient of Protected Litigation Material shall maintain such material in a secure, safe area and exercise at least the same standard of care with respect to the storage and custody of such material as exercised by the recipient with respect to its own highly confidential material.

10. In the event that any material or information designated as Protected Litigation Material is to be used in any court proceeding in connection with the Litigation, the Party that intends to use it shall take all steps reasonably required to protect its confidentiality during such use, subject to the Court's direction.

11. If the Receiving Party files any documents with the Court containing information designated by a Producing Party as Protected Litigation Material, it shall file such documents as Restricted Documents at the appropriate Restriction Level pursuant to the provisions of Local Rule 7.2.  All such materials so filed shall be released from restricted access only pursuant to the provisions of Local Rule 7.2.D.

## **INADVERTENT FAILURE TO DESIGNATE**

12. The inadvertent or mistaken disclosure of any Protected Litigation Material by a Producing Party, without the designation required under Paragraphs 2 through 4 above, shall not constitute a waiver of any claim that the inadvertently disclosed material is entitled to protection under this Protective Order, if such inadvertent or mistaken disclosure is brought to the attention of the Receiving Party promptly after the Producing Party's discovery of such disclosure. Along with notice of inadvertent or mistaken disclosure, the Producing Party shall provide properly marked documents to each party to whom Protected Litigation Material was produced without proper designation; and, upon receipt of these properly marked documents, the Receiving Party shall destroy the improperly marked documents that were initially produced, along with any copies or duplicates thereof.

**UNAUTHORIZED DISCLOSURE OF PROTECTED LITIGATION MATERIAL**

13. If Protected Litigation Material is disclosed to any person other than in a manner authorized by this Protective Order, the disclosing party shall immediately inform the Producing Party whose information is disclosed, and work in good faith to retrieve said information, including making every effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on its own part and unauthorized use or disclosure on the part of the recipient of the material. Compliance with the foregoing shall not prevent the Producing Party whose Protected Litigation Material was disclosed from seeking further relief from the Court.

**INADVERTENT PRODUCTION OF PRIVILEGED DOCUMENTS**

14. The inadvertent or unintentional disclosure by a Producing Party of information subject to a claim of attorney client privilege or work product immunity shall not be deemed a waiver in whole or in part of the claim of privilege or work product immunity, either as to the specific information disclosed or as to any other information relating thereto. If a Producing Party through inadvertence produces or provides discovery which it believes is subject to a claim of attorney-client privilege, work product immunity, or any other applicable privileges or protections from discovery, the Producing Party may give written notice to the Receiving Party that the document or thing is subject to a claim of attorney-client privilege or work product immunity and request that the document or thing be returned to the Producing Party. The Receiving Party shall immediately return to the Producing Party such document or thing and destroy any notes, copies and work-product reflecting the document or thing that is

subject to a claim of attorney-client privilege, work product immunity, or any other applicable privileges or protection from discovery.

## CHALLENGES TO PROTECTED INFORMATION DESIGNATION

15. A party may object to the designation of particular HIGHLY CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as HIGHLY CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as HIGHLY CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as HIGHLY CONFIDENTIAL and shall not thereafter be treated as HIGHLY CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as HIGHLY CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as HIGHLY CONFIDENTIAL.

## EXPERT MATERIALS

16. No notes, drafts, draft reports, or other types of preliminary written work by or for Consultants concerning the subject matter of this civil action shall be the subject

of discovery or inquiry at trial. No communication, whether written or oral, between or among any Consultants or counsel for the party retaining said Consultants concerning the subject matter of this action shall be the subject of discovery or inquiry at trial. The foregoing shall not apply to any communications or documents upon which the Consultant relied in forming his or her opinion as expressed in an affidavit, report, or testimony, or on which a Consultant intends to rely as a basis for an opinion expressed in an affidavit, report, or testimony in connection with this action; such communications or documents shall be subject to discovery and inquiry at trial. Materials, communications and other information exempt from discovery under this paragraph shall be treated as attorney work product.

## **MISCELLANEOUS**

17. Nothing herein shall constitute: (a) an agreement to produce any documents or supply any information or testimony in discovery not otherwise agreed upon or required to be produced; (b) a waiver of any right to object to any discovery request in this or any other action; or (c) a waiver of any claim of privilege with regard to any testimony, documents or information.

18. Within sixty (60) days after the final termination of the Litigation, including all appeals, all persons subject to this Protective Order shall destroy all documents containing Protected Litigation Material. Furthermore, all persons subject to this Protective Order shall certify that all documents containing Protected Litigation Materials are destroyed to the Producing Party. The termination of this lawsuit shall not relieve such person from the obligation of maintaining the confidentiality of such information.

19. This Order may be amended by written amendment of the parties.

20. If any Party seeks discovery from a third party, that third party shall be entitled to all of the benefits that a Producing Party has under the terms of this Protective Order.

## **VIOLATIONS**

21. All parties to the Litigation acknowledge that they have read this Protective Order and understand the terms of this Protective Order.  All parties to the Litigation acknowledge that **VIOLATION OF THE TERMS OF THIS PROTECTIVE ORDER COULD RESULT IN SANCTIONS** including, but not limited to, monetary fines or other sanctions for contempt of court, and damages sufficient to compensate the party whose Highly Confidential information was improperly disclosed.

**SO ORDERED.**

Dated at Denver, Colorado, this 13th day of August, 2014

                                    BY THE COURT:

                                    *Michael E. Hegarty*

                                    Michael E. Hegarty
                                    United States Magistrate Judge

## EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 13-cv-03344-REB-MEH
(Consolidated with 14-cv-00425-REB-MEH)

DAVID L. HILDEBRAND,

    Plaintiff/Counter Defendant,

v.

CITY OF BOULDER,

    Defendant,

MONROE TRUCK EQUIPMENT,

    Defendant/Counter Claimant.

## UNDERTAKING TO ABIDE BY PROTECTIVE ORDER

I, _____, declare that my address is _____. My current employer is _____.

My current occupation is _____.

    1.    I have received a copy of the Protective Order in the above-captioned action. I have carefully read and understand the provisions of the Protective Order.

    2.    I understand that I am to retain all documents or other materials and information designated as "HIGHLY CONFIDENTIAL" that I receive pursuant to the Protective Order, and all copies, notes, summaries, recordings, or other

1

2

reproductions thereof made by me, for me, or at my direction, in a safe and secure place and allow limited access thereto consistent with the Order.   I understand that all such documents, materials, copies, notes, summaries, recordings, and other reproductions are to remain in my custody until I have completed my assigned duties, at which time they are to be destroyed.   I understand that such destruction shall not relieve me from any of the continuing obligations of confidentiality imposed upon me by the Protective Order.

    3.    I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any materials and information marked "HIGHLY CONFIDENTIAL" that are disclosed to me.

    4.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in these actions.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____    _____

2